IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 2:13-CV-00032-BO

MARIE COOKE, )
 )
    Plaintiff, )
 )
v. )
 )
 ) **O R D E R**
STANLEY STEEMER SOUTHERN )
VIRGINIA, LLC, )
 )
    Defendant. )

This matter is before the Court on defendant Stanley Steemer Southern Virginia, LLC's motion to dismiss to Federal Rule of Civil Procedure 12(b)(6). [DE 6]. The motion is ripe for adjudication. For the reasons stated herein, the defendant's motion to dismiss is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff filed her complaint against defendant for injuries allegedly stemming from defendant's professional cleaning of her home. Plaintiff has alleged claims of strict liability and negligence against defendant based upon its use of the product Sani-T-10 in the plaintiff's home. Plaintiff called defendant to address an odor resulting from plaintiff's use of an anti-allergen spray. On January 27, 2011, defendant attempted to remove the offensive odor through its standard cleaning process. However, plaintiff requested defendant to return the following day as the issue was not resolved. On January 28, 2011, defendant returned to plaintiff's home and

agreed to use a stronger fungicide and disinfectant to attempt to remove the odor. Defendant applied Sani-T-10 in mist form to various areas of the carpet and furniture in plaintiff's home. Plaintiff alleges, the chemical defendant used caused irreversible damage to the mucous membranes in her lungs and irritated her eyes and skin about her mouth and face.

Plaintiff filed the instant suit against defendant on January 2, 2013 in Currituck County Superior Court. She amended her complaint on January 24, 2013 and March 31, 2013. Defendant timely removed this action to this Court on the basis of diversity jurisdiction on May 9, 2013. Defendant filed this motion on June 10, 2013.

## DISCUSSION

Defendant has moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Accordingly, to survive a Rule

2

12(b)(6) motion, a complaint must contain facts sufficient "to raise a right to relief above the speculative level" and to satisfy the court that the claim is "plausible on its face." *Id.* at 555, 570.

I.  PLAINTIFF'S CLAIM OF STRICT LIABILITY.

Defendant argues that plaintiff's strict liability claim should be dismissed because the statute cited in her complaint does not clearly support a private right of action, let alone a claim for strict liability. This Court agrees. Furthermore, even if this Court were to accept plaintiff's argument that her strict liability claim is really a negligence *per se* claim, she has failed to allege all of the elements of such a claim.

Plaintiff points to North Carolina Gen. Stat. § 143-443(b)(3)'s general prohibition on using pesticides in a manner inconsistent with their labeling as the basis for strict liability. However, under North Carolina law, strict liability is typically reserved for ultrahazardous activities, which is currently limited to blasting. *Travelers Ins. Co. (The Travelers) Inc. v. Chrysler Corp.*, 845 F. Supp. 1122, 1125 (M.D.N.C. 1994). Furthermore, North Carolina courts have held that safety statutes will not be construed to impose strict liability unless it was clearly the purpose of the legislature. *Hurley v. Miller*, 440 S.E.2d 286, 291 (N.C. Ct. App. 1994). The statute to which plaintiff points creates no clear private right of action, let alone strict liability, for its violation. Accordingly, defendant's motion to dismiss is granted as to plaintiff's strict liability claim.

In her response to defendants motion to dismiss plaintiff attempts to argue that the use of Sani-T-10 in a manner inconsistent with its labeling violates North Carolina's Pesticide Act of 1971, a safety statute and therefore defendant is negligent *per se*. However plaintiff has not properly alleged all of the elements of negligence *per se* in her complaint. Specifically, plaintiff fails to allege that the statute was enacted to protect a class of persons which includes the

3

plaintiff and that the injury was of the nature contemplated in the statute. *Rudd v. Electrolux Corp.*, 982 F.Supp. 355, 365 (M.D.N.C. 1997). Accordingly defendant's motion to dismiss is granted as to any negligence *per se* claim plaintiff raises

## II. PLAINTIFF'S CLAIM OF NEGLIGENCE.

Under North Carolina law, for a negligence claim to withstand a motion to dismiss, "[it] must allege the existence of a legal duty or standard of care owed to the plaintiff by the defendant, breach of that duty, and a causal relationship between the breach of duty and certain actual injury or loss sustained by the plaintiff." *Scadden v. Holt*, 733 S.E.2d 90, 92 (N.C. Ct. App. 2012). The plaintiff has met that burden here.

Plaintiff alleges defendant breached a duty to use its products properly and in a safe manner as a professional cleaning service that came into her home. Plaintiff alleges defendant breached that duty when it used Sani-T-10 in a manner inconsistent with its labeling and by failing to warn her of the dangers posed by the product. Plaintiff alleges the improper application of the product caused her physical injuries and damaged her property.

Defendant claims that plaintiff has insufficiently quoted Sani-T-10's label. However that is of no consequence here as this Court "accept[s] as true all of the factual allegations contained in the complaint." *Erickson*, 551 U.S. at 93–94. Viewing all of plaintiff's factual allegations as true, this Court finds that plaintiff has sufficiently alleged a negligence claim against defendant and accordingly denies defendant's motion to dismiss as to plaintiff's negligence claim.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED in part and DENIED in part. Plaintiff's strict liability and negligence *per se* claims for relief are hereby DISMISSED. Plaintiff's negligence claim survives and may proceed in its entirety.

SO ORDERED.

This the **19** day of September, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE